Frederick H. Ahrens, Jr., Esq. County Attorney, Steuben County
You have asked whether an assistant counsel to a county social services department may also serve as an assistant district attorney who is assigned exclusively to cases involving the improper receipt of public assistance benefits.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We are not aware of any constitutional or statutory prohibition against the holding of the offices in question. The county board of supervisors may authorize the appointment of attorneys to assist the commissioners of the county social services districts (Social Services Law, § 66[1]). Attorneys are to perform those duties which the county commissioner assigns to them (ibid.). Such duties may include instituting legal actions against public assistance recipients (see, id., § 131, for general duties and § 397[2][b] and [c], for a specific example). You have advised us that these attorneys neither advise nor represent recipients of public assistance.
A district attorney prosecutes criminal actions arising in the county (County Law, § 700[1]). An assistant district attorney must perform such duties of the district attorney as may be directed by that official (id., § 702[2]). In the absence or incapacity of the district attorney, the assistant district attorney carries out the duties of the office of district attorney (ibid., subd [3]). If there is more than one assistant district attorney, the district attorney must designate the order in which the assistant district attorneys are to carry out the duties of the district attorney in the event of his absence or incapacity (ibid., subd [4]).
Assuming that the duties of these two offices are specified in the manner you indicated in your letter, we see no incompatibility in the appointment of the same individual to the positions of assistant counsel to the social services department and assistant district attorney. We understand that the assistant district attorney would prosecute only matters concerning the improper receipt of public assistant benefits, and therefore, would not be involved in the prosecution of officers or personnel of the social services department who engaged in criminal conduct, should such an eventuality arise (Social Services Law, §§145[2] and 150[3]). It is assumed that the assistant district attorney will not be designated to succeed to the duties of the district attorney in the event of the latter's absence or incapacity. Finally, as you have advised us, we note that the attorney would not be placed in the inconsistent roles of having to prosecute a recipient whom the attorney had advised or represented (id., § 145[1]). We see no incompatibility in the fact that the assistant counsel to the social services department is required at times to maintain support proceedings against a spouse of an individual in receipt of public assistance, since such an action does not appear to involve the district attorney's office.*
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* We note, however, that a situation could arise in which the assistant counsel to the social services department might have to bring a support action against an individual's spouse and then, as assistant district attorney, have to prosecute that individual for fraudulent receipt of public assistance benefits. (The sequence could be reversed as well.) Such occurrences are likely to be rare. In any event, we assume that the assistant district attorney or the assistant counsel to the social services department, as the case might be, would decline to handle the matter and would refer it to another member of the appropriate office.